# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Karin Florentino Jaime-Perez,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 14-233(2) ADM/TNL
Civil No. 17-736 ADM

___

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Karin Florentino Jaime-Perez, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for determination of Karin Florentino Jaime-Perez's ("Jaime-Perez") Motion under 28 U.S.C. § 2255 ("2255 Motion") to Vacate, Set Aside, or Correct Sentence [Criminal Docket No. 51][1]. For the reasons stated below the 2255 Motion is denied.

## II. BACKGROUND

In October 2014, Jaime-Perez entered a guilty plea to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Jaime-Perez's Plea Agreement [Docket No. 41] allowed Jaime-Perez to appeal his sentence. On June 18, 2015, Jaime-Perez was sentenced to 97 months in prison. Sentencing J. [Docket No. 49]. The sentence was a three-level downward variation from the applicable advisory guideline

___

[1]All citations are to the criminal docket.

range.  The Judgment of Conviction was filed on June 18, 2015.  Jaime-Perez did not timely appeal his sentence.

On March 9, 2017, Jaime-Perez filed this 2255 Motion arguing his counsel was ineffective because counsel:  1) failed to file a U.S.S.G. § 5K1.1 motion for cooperation, 2) failed to file a U.S.S.G. 5K3.1 motion for early disposition program, 3) promised Jaime-Perez his sentence would be reduced due to the passage of an upcoming law, and 4) failed to file a motion for a safety valve reduction under U.S.S.G. §§ 2D1.1(b)(17) and 5C1.2.

### III.  DISCUSSION

#### A.  Section 2255 Standard

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice.  See Poor Thunder v. United States, 810 F.2d 817, 821–22 (8th Cir. 1987).

#### B.  Statute of Limitations

For a 2255 claim to be timely, it must typically be made within one year from the date the conviction becomes final.  See 28 U.S.C. § 2255(f)(i); Headbird v. United States, 813 F.3d 1092, 1094 (8th Cir. 2016).

Jaime-Perez's conviction became final on July 2, 2015, when the 14-day period to appeal the Judgment expired.  See Fed. R. App. P. 4(b)(1)(A) (setting a 14-day time limit for filing a notice of appeal in a criminal case).  Thus, the one-year statute of limitations period under § 2255(f)(1) expired on July 2, 2016.  This Motion, however, was filed on March 9, 2017.  Id.  This is months

2

beyond the statute of limitations and makes this Motion untimely. See United States v. Hernandez, 436 F.3d 851 (8th Cir. 2006) (upholding dismissal of untimely § 2255 motion despite claims of ineffective assistance of counsel).

### C. No Ineffective Assistance of Counsel

Even if the Motion been timely, the ineffective assistance of counsel claim would still fail. In Strickland v. Washington, the Supreme Court determined the standard for claims of ineffective assistance of counsel. 466 U.S. 668 (1984). A defendant must show: 1) attorney representation fell below an objective standard of reasonableness, and 2) a reasonable probability that, but for the error(s), the result would have changed. Id. at 687.

Jaime-Perez asserts four reasons for his ineffective assistance of counsel claims: 1) counsel's failure to file a U.S.S.G. § 5K1.1 motion for cooperation, 2) counsel's failure to file a U.S.S.G. § 5K3.1 motion for early disposition program, 3) counsel's promise of sentence reduction due to the passage of an upcoming law, and 4) counsel's failure to file safety valve reduction U.S.S.G. §§ 2D1.1(b)(17) and 5C1.2 motions.

#### 1. U.S.S.G. § 5K1.1

Under § 5K1.1 of the Sentencing Guidelines, the prosecution may move for a downward departure from the Guidelines if the defendant cooperates in a way that provides substantial assistance to the Government. See U.S.S.G. § 5K1.1. Jaime-Perez alleges his attorney provided him with ineffective counsel because his attorney did not file a § 5K1.1 motion to reduce sentence.

This claim fails both requirements of the Strickland test. First, only the Government may move for the downward departure. U.S.S.G. § 5K1.1. "Courts are without statutory authority to grant downward departures for substantial assistance absent a government motion." United

3

States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999) (citing United States v. Kelly, 18 F.3d 612, 617 (8th Cir. 1994)). Counsel's inaction can not be unreasonable if counsel had no basis upon which to bring his motion. Second, because the motion may only be filed by the government, no action could have been taken by Jaime-Perez's counsel that would have changed the result. See Id. For these two reasons, this claim fails.

## 2. U.S.S.G. § 5K3.1

Under § 5K3.1 of the Sentencing Guidelines, the Government may move for an early disposition program authorized by the Attorney General. U.S.S.G. § 5K3.1. The defendant alleges his attorney failed to make this motion, thus denying him the possibility of being released under it.

Jaime-Perez's claim fails for the same reasons the § 5K1.1 claim fails. First, Jaime-Perez's attorney had no authority to bring the motion. See Craycraft, 167 F.3d at 455. Jaime-Perez's attorney, in not attempting to bring a futile motion, acted reasonably. Second, the result would not have changed if Jaime-Perez's attorney could not have filed the motion. Therefore, this claim fails to meet the standard for an ineffective assistance claim as stated in Strickland.

## 3. Sentencing Reform and Corrections Act of 2015

Jaime-Perez also alleges his attorney failed to provide him effective legal assistance because his attorney told him a 2015 law change might potentially lower his sentence.

This claim also fails as a matter of law. The law in question was not proposed until after Jaime-Perez's sentence went into effect. No action could have been taken by Jaime-Perez's attorney to change the result. While attorneys are required to be competent at many skills, clairvoyance is not one of them. "Our cases make clear that counsel's failure to anticipate a change in the law does not constitute ineffective assistance." Ragland v. United States, 756 F.3d

4

597, 601 (8th Cir. 2014).

### 4. Safety Valve Provision under 18 U.S.C. § 3553(f)

Jaime-Perez also alleges his attorney was ineffective when he failed to file a motion pursuant to 18 U.S.C. § 3553(f). This provision allows for a downward departure from the mandatory minimum.

The record, however, demonstrates Jaime-Perez was in fact given the benefit of the safety valve provision under 18 U.S.C. § 3553(f). See Statement of Reasons ¶ II.C. Therefore, this claim also fails.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this 2255 Motion differently, or that any of the issues raised in Jaime-Perez's Petition would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Karin Florentino Jaime-Perez's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Docket No. 51] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 30, 2017.